IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HANCOCK BANK,**
successor by merger to
Hancock Bank of Florida,

    Plaintiffs,

vs.                                          CASE NO. 4:11-cv-282/RS-WCS

**MONTE CRISTO OF TALLAHASSEE, INC,**
**MONTE CRISTO OF TALLAHASSEE No. 1, LLC,**
**MONTE CRISTO OF TALLAHASSEE No. 2, LLC,**
**MONTE CRISTO OF TALLAHASSEE No. 3, LLC,**
**MONTE CRISTO OF TALLAHASSEE No. 4, LLC,**
**HOSSEIN GHAZVINI,**
**BEHZAD GHAZVINI,**
**MEHRAN P. GHAZVINI,**

    Defendants.
_____/

## ORDER

Before me are Plaintiff's Motions for Summary Final Judgment (Doc. 24) and Defendants' Response in Opposition (Doc. 36).

Hancock Bank loaned $3.9M to Defendant Monte Cristo of Tallahassee, Inc. ("Monte Cristo") in March 2006. The loan was secured by a mortgage on property owned by Monte Cristo. The bank extended the maturity date of the loan on three occasions—extending the due date from March 2008 to September 2008, from September 2008 to April 2009, from April 2009 to April 2010. (Doc. 1, p. 3). In May 2009, Monte Cristo executed and delivered a "renewal promissory note" having a maturity date of May 2010. Monte Cristo No. 1, Monte Cristo No. 2, Monte Cristo No. 3, and Monte

Cristo No. 4 ("Monte Cristo Nos. 1-4") executed an assumption agreement whereby they agreed to assume the liabilities and obligations of Monte Cristo.  (*See* Doc.1, Exhibit 6) Defendants Hossein Ghazavini, Behzad Ghazvini, and Mehran Ghazvini ("the Ghazvinis") executed and delivered commercial guarantees to Plaintiff guaranteeing the payment and performance of Monte Cristo.  (*See* Doc. 1, Exhibits 7-9).  A further extension was granted (*See* Doc. 1, Exhibit 10), and the Defendants have defaulted.

Plaintiff contends Defendants' first affirmative defense, that the court lacks jurisdiction, is without merit. (Doc. 24, p. 5).   The initial loan agreement (Doc. 1, Attach.1, p. 4) contains the following language:

> Venue and Governing Law
> Borrower waives any "venue privilege" and/or "diversity of citizenship privilege" which Borrower may now or may have in the future, and does hereby specifically agree, notwithstanding the provision of any state or federal law to the contrary, that the venue for the enforcement, construction or interpretation of this note shall be Leon County, Florida, and the undersigned hereby specifically waives the right to sue or be sued in the court of any other county in the State of Florida, any court in any other state or country or in any federal court, or in any state or federal administrative tribunal.

The renewal promissory note (Doc. 1, Attach. 3, p. 1) is less restrictive.  It provides the following:

> "CHOICE OF VENUE: If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Leon County, State of Florida."

Plaintiff contends the initial loan agreement's venue provision only acts to limit Defendant's rights to choose venue.  The language of the initial loan agreement

undermines this argument. The borrower "waives the right to [both] sue or be sued . . . in any federal court." Plaintiff does not address the several meanings of this provision. One possibility is that federal jurisdiction is completely waived. A more creative meaning is that Defendant waives the right to remove a suit to federal court. That is, because there is no 'right' to be sued in federal court, the only implicated 'right' could be the right to remove. Plaintiff also does not address the interplay between the initial loan agreement and the renewal promissory note. Specifically, Plaintiff does not state whether the renewal promissory note supersedes the initial agreement or whether they should be read together. The language of the renewal promissory note is equally complex and requires more analysis.

The Motion (Doc. 24) is **DENIED** without prejudice because Plaintiff has not made a persuasive case that the venue provision does not preclude federal jurisdiction. Because I must first address the jurisdictional issue, the Defendants shall either consent to federal jurisdiction or move to dismiss this case for lack of jurisdiction not later than October 3, 2011.

**ORDERED** on September 19, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**